UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ACC CLIMATE CONTROL, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>BERGSTROM, INC., *et. al.*, )<br>)<br>    Defendants. )<br>) | CAUSE NO. 3:07-CV-125 TLS |

**OPINION AND ORDER**

On October 30, 2008, Defendant, Bergstrom Inc., and Plaintiff, ACC Climate Control ("Climate"), submitted a Joint Protective Order, requesting that this Court issue a protective order covering various information in the underlying litigation. For the following reasons, this Court **DENIES WITHOUT PREJUDICE** the parties' motion for a protective order. [Doc. No. 52]. The parties may resubmit a proposed protective order which comports with Seventh Circuit precedent for this Court's consideration.

**I.    APPLICABLE STANDARDS**

When granting a proposed protective order, this Court must independently determine whether "good cause" exists to seal the requested information from the public record. Fed. R. Civ. P. 26(c); Citizens First National Bank of Princeton v. Cincinnati Insurance Co., 178 F.3d 943, 944 (7th Cir.1999). In doing so, this Court must not grant parties *carte blanche* to seal or protect whatever they desire. Citizens, 178 F.3d at 944; See also Pierson v. Indianapolis Power & Light Co., 205 F.R.D. 646, 647 (S.D. Ind. 2002) ("Independent and careful evaluations of protective orders are especially important because '[t]he judge is the primary representative of the public interest in the judicial process....'") (quoting Citizens, 178 F.3d at 945). In other words, this Court

cannot serve as a rubber stamp whenever parties wish to seal public records, but must review all requests to seal documents in light of the public interest in the judicial process. Citizens, 178 F.3d at 945 (citing In re Krynicki, 983 F.2d 74 (7th Cir.1992); Miller, Arthur M., Confidentiality, Protective Orders, and Public Access to the Courts, 105 Harv. L.Rev. 427, 492 (1991)).

When reviewing an agreed protective order seeking to seal documents produced in discovery, this Court must ensure that "(1) the information sought to be protected falls within a legitimate category of confidential information, (2) the information or category sought to be protected is properly described or demarcated, (3) the parties know the defining elements of the applicable category of confidentiality and will act in good faith in deciding which information qualifies thereunder, and (4) the protective order explicitly allows any party and any interested member of the public to challenge the sealing of particular documents." Pierson, 205 F.R.D. at 647 (citing Citizens, 178 F.3d at 946). This Court may issue a protective order in this case pursuant to its referral order and 28 U.S.C. § 636(b)(1)(A).

**II.    ANALYSIS**

The parties' proposed order fails to satisfy the second prong of the above standard because it contains broad language that does not properly describe or demarcate the information the parties seek to protect. More specifically, paragraph I.1.(a) of the stipulated protective order contains the following language: "[t]he term 'Confidential Information' means any information which constitutes or contains trade secrets or other confidential research, development, or commercial information."

The parties' proposed order appropriately limits itself to protected documents and testimony regarding trade secrets and confidential information, but the order fails to outline discrete categories of "confidential research, development, or commercial information." Further, while trade secrets is

2

a legitimate category of information that warrants protection, Citizens advises that the trade secrets should be explained as much as possible so as to prevent non-trade secret information that is part of trade secret documents from being kept secret. Citizens, 178 F.3d at 945. As such, the language of the proposed order is simply too broad and allows either party to decide *carte blanche* what portions of the record to keep secret. Id. For the proposed document to comport with circuit precedent and the Federal Rules, the parties need to limit the language of the order to a more ascertainable standard to prevent a blanket protective order.

Further, the parties' proposed order fails to satisfy the forth prong of the above standard because it does not contain clear language referring to the public interest. The right to intervene to challenge a closure order is rooted in the public's well-established right of access to public proceedings." Jessup v. Luther, 227 F.3d 993, 997 (7th Cir. 2000). In granting protective orders, judges are the "the primary representative[s] of the public interest in the judicial process" and must require that a "protective order explicitly allows any party and any interested member of the public to challenge the sealing of particular documents." Pierson, 205 F.R.D. at 647 (citing Citizens, 178 F.3d at 945-46). Although the proposed order allows non-parties to "seek[] additional relief from the Court", this Court believes that the language should be more clear to allow non-parties the right to challenge a party's designation of a particular document as confidential.

### III. CONCLUSION

Because the parties' Stipulated Protective Order is over broad and fails to permit public challenge, this Court **DENIES WITHOUT PREJUDICE** the parties' motion for a protective order [Doc. No. 52]. The parties may resubmit their proposed order in light of the standards set forth in this order and the citations herein.

**SO ORDERED.**

Dated this 31st Day of October, 2008.

                                                    S/Christopher A. Nuechterlein
                                                    Christopher A. Nuechterlein
                                                    United States Magistrate Judge