UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| ACC CLIMATE CONTROL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 3:07-CV-125-TS |
| | ) | |
| BERGSTROM, INC., | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ALEX MOULTANOVSKY, | ) | |
| | ) | |
| Counterclaim Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the Court on a Motion to Dismiss [DE 69] filed by the Defendant, Bergstrom, Inc. ("Bergstrom"), in response to an Amended Complaint [DE 68] filed by the Plaintiff, ACC Climate Control ("ACC"), and the Counterclaim Defendant, Alex Moultanovsky.[1] The Motion to Dismiss is somewhat unusual, in that it seeks only to dismiss portions of the Amended Complaint, as opposed to the lawsuit or motion in its entirety. Furthermore, the Defendant moves to dismiss on three discrete grounds: (1) lack of subject matter jurisdiction;[2] (2) failure to state a claim under Fed. R. Civ. P. 12(b)(6); and (3) unduly burdensome claims under Fed. R. Civ. P. 15(d). The Motion to Dismiss was filed on January 28, 2009; the Plaintiff filed its Memorandum in Opposition [DE 71]

---

[1] The Court notes a disagreement between the parties regarding the status of Moultanovsky as a party. Bergstrom claims that the parties are in advanced negotiations to dismiss Mr. Moultanovsky—an assertion that ACC flatly rejects. In any case, Moultanovsky is currently a party to the litigation. Even so, the Court will adopt the parties' convention of referring to ACC and Moultanovsky collectively, for the purposes of this Motion, as "ACC."

[2] Though not referred to as such in either of the party's briefs, the Court considers this a Rule 12(b)(1) Motion.

on February 17, and the Defendant filed its Reply [DE 72] on February 26. The Motion is now ripe for ruling.

## BACKGROUND

Prior to the commencement of litigation in the case, the United States Patent and Trademark Office ("USPTO") issued to Bergstrom patents numbered 6,276,161 ('161) and 6,889,762 ('762), each of which relates to air conditioning systems for automobiles. Currently, Bergstrom has filed six patent applications claiming priority from the '762 patent. Also prior to commencement of litigation in the case, Bergstrom informed ACC that certain of ACC's products, including its TropiCool Power Plus system for "No-Idle" cooling of motor vehicles, infringe upon the '161 and '762 patents, and will infringe on at least four pending patent applications. Despite ACC's efforts to learn specifically which components of its products violated the patents, Bergstrom refused to brief ACC on the situation for a period of several months.

On March 23, 2007, ACC filed suit in an attempt to resolve the dispute over whether its products violated Bergstrom's patents. The initial Complaint [DE 1] referenced only the '161 and '762 patents, and sought declaratory relief that: (1) ACC did not infringe upon either of the issued patents; (2) alternatively, even if ACC did infringe, it was not a "willful infringer"; (3) ACC was not liable to Bergstrom for any damages on account of the issued patents; and (4) the issued patents were not validly issued to Bergstrom. On May 17, Bergstrom filed its Answer [DE 8] to the Complaint, and included a Counterclaim against ACC, alleging infringement of the '161 and '762 patents. After a period of discovery, Bergstrom amended its counterclaims on

August 3, 2007, to include Moultanovsky (who was then a former Bergstrom and current ACC employee) personally as a party and assert against ACC misappropriation of trade secrets claims involving the same two patents [DE 30].

On November 11, 2008, the USPTO issued to Bergstrom patent number 7,448,227 ('227), which was based on the '762 patent. The '227 patent stated that the '762 patent was "incorporated in [its entirety]." On November 28, another of the pending patent applications which was based upon the '762 patent was issued as patent number 7,454,922 ('922), which similarly incorporated the '762 patent entirely. The Defendant currently has two patents pending, as patent application numbers 11/322,006 ('006), and 11/088,441 ('441). For clarity, the '161 and '762 patents, attained by Bergstrom prior to ACC's Complaint, will be referred to as the "old patents." Patents '227 and '922 will be referred to as the "new patents,", and the patent applications will be referred to as the "pending patents."

On January 9, the Plaintiff filed its Amended Complaint, which adds several components to the Complaint, including additional allegations and claims relating to the old patents, anti-trust law violations relating to the old and new patents, unfair competition, copyright violations, interference with contractual relations, and abuse of process. When ACC attempted to introduce the new and pending patents into the lawsuit, a series of mischaracterizations and misunderstandings occurred, which resulted in the case assuming an unusual procedural stance. The recent history warrants repetition and clarification.

When ACC filed its Amended Complaint, it attached a Motion to Amend Complaint [DE

66].³ The Magistrate Judge deemed the Motion to Amend moot, as it had been filed before the deadline he had set for amendments to pleadings in his Rule 16 Preliminary Pretrial Conference [DE 63]. However, it now seems clear that while the portions of the Amended Complaint relating to the old patents were properly characterized as amendments, the portions relating to the new patents and pending patents are more properly characterized as *supplemental*, as they were given or applied for *after* the initial Complaint was filed.⁴ Due to the procedural error, the Plaintiffs were never granted leave to file a supplemental pleading. While the Court will dismiss the pending patent claims for lack of subject matter jurisdiction, it will dismiss the new patent claims without prejudice in order to conference with the parties on how best to address this procedural deficiency.

## MOTION TO DISMISS STANDARD

A case may be dismissed under Federal Rule of Civil Procedure 12(b)(1) when the court lacks jurisdiction over the subject matter. "Subject-matter jurisdiction is the first question in every case, and if the court concludes that it lacks jurisdiction it must proceed no further." *Illinois v. City of Chi.*, 137 F.3d 474, 478 (7th Cir. 1998).

"Article III of the Constitution confines the federal courts to adjudicating actual 'cases' and 'controversies.'" *Allen v. Wright*, 468 U.S. 737, 750 (1984). The requirement that plaintiffs

---

³ "[A] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

⁴ "On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). In its Response [DE 71] the Plaintiff acknowledges that its new patent claims are properly understood as supplemental, and expresses confusion at the Magistrate Judge's mooting of its Motion to Amend. (Response at 15).

4

have standing to bring a case entails both constitutional and prudential limitations on the exercise of federal jurisdiction. As for the constitutional component, Article III requires that, at a minimum, the plaintiff make the following three showings:

> First, the plaintiff must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be fairly traceable to the challenged action of the defendant, and not the result of independent action of some third party not before the court. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992) (internal citations, quotation marks, ellipses, and brackets omitted). The requirement that the injury be particularized means that "the injury must affect the plaintiff in a personal and individual way." *Id.* at 560 n.1.

When considering a motion to dismiss for lack of subject matter jurisdiction, a court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff. *Alicea-Hernandez v. Catholic Bishop of Chi.*, 320 F.3d 698, 701 (7th Cir. 2003). The movant may also use affidavits and other material to support its motion if the complaint is formally sufficient but the contention is that there is in fact no subject matter jurisdiction. *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003). The plaintiff has the obligation to establish jurisdiction by competent proof. *Sapperstein v. Hager*, 188 F.3d 852, 855–56 (7th Cir. 1999). The presumption of correctness accorded to a complaint's allegations falls away on the jurisdictional issue once a defendant proffers evidence that calls the court's jurisdiction into question. *Id.* at 856.

# DISCUSSION

Bergstrom objects only to the declaratory judgment claims against the new patents (the '922 and '227 patents) and the pending patent applications (the '006 and '441 patents). This Section's analysis is therefore limited to those claims.

As stated before, the Defendant moves to dismiss on three discrete grounds: that the Amended Complaint is unduly burdensome; that it does not state a claim with sufficient specificity under Rule 12(b)(6); and that this Court lacks subject matter jurisdiction, as the Amended Complaint does not present a justiciable case or controversy. However, it is the Court's determination that it may only properly consider the subject matter jurisdiction arguments, as subject matter jurisdiction is a threshold matter that may be addressed at any point in the litigation. As the Plaintiff, through no fault of its own, failed to receive leave to supplement its pleadings, the Court may not legally evaluate those portions of the Motion to Dismiss that challenge the new patents on non-jurisdictional grounds. The Court will dismiss with prejudice the pending patent claims for lack of subject matter jurisdiction, and will dismiss the new patent claims without prejudice to refiling if supplementation of the complaint is determined to be proper.

### A. Pending Patents

In its Amended Complaint, ACC asks the Court to find that if the '006 and '441 pending patents are granted, that they would be improper, and that ACC's products would not infringe upon them. However, it is beyond the subject matter jurisdiction of this Court to rule on pending patents. The landmark case *GAF Building Materials Corp. v. Elk Corp. Of Dallas*, held that "a

patent does not exist until granted." 90 F.3d 479, 483 (Fed. Cir. 1996). Thus, "disputes concerning patent validity and infringement are necessarily hypothetical before patent issuance." *Id.* "[A] threat is not sufficient to create a case or controversy unless it is made with respect to a patent that has issued before a complaint is filed." *Id. See also Black & Decker Inc. v. Burger*, 475 F. Supp. 2d 1264, 1267 (N.D. Ill. 2005); *Photogen, Inc. v. Wolf*, 2001 WL 477226, *2 (N.D. Ill. May 7, 2001).

In this case, ACC is attempting to do exactly what is prohibited by *GAF*—procure a declaration of its rights under patents that have yet to issue. The Court is unconvinced by the Plaintiff's argument that it is not asking the Court to make a declaration against pending patent applications, but rather to "request[] declaratory judgment only as to patents issuing upon those [applications]." The academic distinction between a declaratory judgment as to the merits of a patent application, and the merits of the patent that might issue from such an application are immaterial—the law is clear that the Court may not issue a judgment on a patent not yet filed. Regardless of the Plaintiffs' fine distinction, the pending patents are squarely in that category. Since the Plaintiff cites no cases in furtherance of its conditional-ruling theory, the Court finds no live case or controversy and will dismiss the pending patent claims for lack of subject matter jurisdiction.

**B.     The New Patents**

In its Amended Complaint, the Plaintiff also seeks a declaratory judgment that the '922 and '227 patents are invalid, uninfringed, and unenforceable. The Defendant argues that this Court lacks subject matter jurisdiction to hear the claim, as the law does not contemplate such a

7

declaratory judgment as to patent validity.

In *MedImmune, Inc.*, the Supreme Court set the standard for determining whether a court has jurisdiction to consider a declaratory judgment request for patent invalidity:

> Our decisions have required that the dispute be "definite and concrete, touching the legal relations of parties having adverse legal interests; and that it be "real and substantial" and admi[t] of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts. *Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment*.

549 U.S. 118, 127 (2007) (emphasis added).

More recently, the Court of Appeals for the Federal Circuit has applied the *Medimmune* test to patent cases. The *Prasco* Court distilled *Medimmune* into a three-part test that stated: "To satisfy standing, the plaintiff must allege (1) an injury-in-fact, i.e., a harm that is 'concrete' and actual or imminent, not 'conjectural' or 'hypothetical,' (2) that is 'fairly traceable' to the defendant's conduct, and (3) redressable by a favorable decision." *Prasco, LLC, v. Medics Pharmaceutical Corp.*, 537 F.3d 1329, 1338 (Fed. Cir. 2008) (citations omitted).

In this case, the Court cannot dismiss the new patents for lack of subject matter jurisdiction as ACC meets the three-part test, relied on by both parties. First, the harm suffered by the new patents are concrete and not conjectural. There is evidence to suggest that Bergstrom accused ACC of infringement of the new patents while they were still in their application stages. Furthermore, Bergrstrom amended its counterclaims to include Moultanovsky as a party in the suit, and then asserted against ACC claims based upon misappropriation of trade secrets involving the subject matter of the new patents. The Court thus holds that there is an actual or imminent harm of a suit for patent infringement that warrants a suit for declaratory judgment. As

regards the second and third branches of the test, the Court finds that this apprehension of suit is directly traceable to Bergstrom's actions surrounding the new patents, and that a favorable declaration for ACC would remedy the harm.

**C.      Conclusion**

Past the threshold finding on subject matter jurisdiction, this Court can proceed no further. Though the Court finds the Defendant's "burdensomeness" claims as to the new patents compelling, those arguments should have been properly dealt with as part of the Magistrate Judge's Order as to the Plaintiff's Motion to Amend. As the Motion was improperly mooted, the Court cannot now make the 15(d) determination. As such, and for the foregoing reasons, the Court GRANTS the Defendant's Motion to Dismiss as to the pending patents, and dismisses those claims with prejudice. The Court GRANTS the Motion to Dismiss as to the new patents, and dismisses those claims without prejudice. By further order, the Court will schedule a conference with the parties to address the procedural and substantive issues regarding the admission of the new patent claims into this lawsuit.

SO ORDERED October 12, 2009.

    /s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT