## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## FORT WAYNE DIVISION

| | |
|---|---|
| ACC CLIMATE CONTROL and ALEX MOULTANOVSKY, | ) ) ) |
| Plaintiffs/ Counterclaim Defendants, | ) ) |
| v. | ) CAUSE NO.: 3:07-CV-125-TS ) |
| BERGSTROM, INC., | ) ) |
| Defendant/ Counter Plaintiff, | ) ) ) |

## OPINION AND ORDER

This matter is before the Court on a Motion for Filing of Supplemental Pleadings [DE 81] filed by ACC Climate Control and Alex Moultanovsky (ACC) in this cause on November 12, 2009. Bergstrom, Inc. (Bergstrom) filed its Response [DE 84] on December 14, 2009, and ACC filed its Reply [DE 85] on December 24, 2009. The motion is now ripe for ruling.

## BACKGROUND

Prior to the commencement of litigation in the case, the United States Patent and Trademark Office (USPTO) issued to Bergstrom patents numbered 6,276,161 ('161) and 6,889,762 ('762), each of which relates to air conditioning systems for automobiles. Also prior to commencement of litigation in the case, Bergstrom informed ACC that certain of ACC's products, including its TropiCool Power Plus system for "No-Idle" cooling of motor vehicles, infringe upon the '161 and '762 patents.

On March 23, 2007, ACC filed suit in an attempt to resolve the dispute over whether its

products violated Bergstrom's patents. The initial Complaint [DE 1] referenced only the '161 and '762 patents, and sought the following declaratory relief: (1) ACC did not infringe upon either of the issued patents; (2) alternatively, even if ACC did infringe, it was not a "willful infringer"; (3) ACC was not liable to Bergstrom for any damages on account of the issued patents; and (4) the issued patents were not validly issued to Bergstrom. On May 17, Bergstrom filed its Answer [DE 8] to the Complaint and included a Counterclaim against ACC, alleging infringement of the '161 and '762 patents. After a period of discovery, Bergstrom amended its counterclaims on August 3, 2007, to include Moultanovsky (who was then a former Bergstrom and current ACC employee) as a party and assert against ACC misappropriation of trade secrets claims involving the same two patents [DE 30].

On November 11, 2008, the USPTO issued to Bergstrom patent number 7,448,227 ('227), which was based on the '762 patent. The '227 patent stated that the '762 patent was incorporated in its entirety. On November 28, another of the pending patent applications which was based upon the '762 patent was granted as patent number 7,454,922 ('922).

On January 9, ACC filed its Amended Complaint, which added allegations and claims relating to both of the patents included in the Complaint and the patents that had been issued since the cause of action commenced. When ACC filed its Amended Complaint, it attached a Motion to Amend Complaint [DE 66].[1] The Magistrate Judge deemed the Motion to Amend moot because it had been filed before the deadline he had set for amendments to pleadings in his Rule 16 Preliminary Pretrial Conference [DE 63].

---

[1] When a party does not qualify to amend a pleading as a matter of course under Rule 15(a)(1), the "party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

In an October 12, 2009, Opinion and Order [DE 77], this Court ruled that it could not address Bergstrom's Motion to Dismiss on its merits because ACC had never filed a Rule 15(d) motion to supplement its original complaint with the four new patents. Since that Opinion and Order was issued, Bergstrom has been granted patents numbered 7,591,303 ('303) and 7,591,143 ('143), which ACC also seeks to challenge in this lawsuit, and ACC now seeks leave to supplement its pleadings.

## MOTION TO SUPPLEMENT STANDARD

Federal Rule of Civil Procedure 15(d) states that "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." It is within the district court's discretion to either allow or deny a supplemental pleading. *Twin Disc, Inc. v. Big Bud Tractor, Inc.*, 772 F.2d 1329, 1338 (7th Cir. 1985). When a supplemental pleading facilitates the efficient administration of justice, a court should allow it. *Griffin v. County Sch. Bd. of Prince Edward County*, 377 U.S. 218, 226–27 (1964). However, a supplemental pleading should be denied under Rule 15(d) if there is "any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Forman v. Davis*, 371 U.S. 178, 182 (1962).

**DISCUSSION**

In support of its Motion, ACC contends that adding claims involving the '922, '227, '303, and '143 patents to the litigation would not cause undue prejudice to Bergstrom because all four of the patents are directly related to the '762 patent, which is properly part of this lawsuit. However, the Court finds that the twelve new claims that ACC seeks to introduce into this three-year-old litigation would unnecessarily protract this litigation and would prejudice Bergstrom's defense.[2]

Initially, the Court is not aware of any legal authority that would mandate the patents be tried together because they are related. Courts have consistently held that each patent is legally distinct from every other patent, with no necessary legal relationship. *See Rosco, Inc. v. Mirror Lite Co.*, 304 F.3d F.3d 1373 (Fed. Cir. 2002) (holding that when determining the validity of the claims of a patent, each claim must be separately considered); *Comair Rotron, Inc. v. Nippon Densan Corp.*, 49 F.3d 1535, 1539 (Fed. Cir. 1995) ("separate patents describe separate and distinct [inventions] and it can not be presumed that related patents rise and fall together."). ACC does not argue that the Court is under any legal obligation to allow the claims to be joined together, conceding that "ACC certainly could . . . file a second lawsuit against Bergstrom for protection against the four patents . . . ", and notes that it has refrained from doing so out of concern for "its and the Court's resources." (Mot. for Filing of Supplemental Pleadings 4)

In this case, the addition of the new patent claims would likely add voluminous discovery

---

[2] In its Response, Bergstrom argues that in addition to claims that derive from the new patents, the new claims in the proposed Second Amended Complaint that derive from the original patents should be excluded. However, these claims all accrued before the Answer to Amended Counterclaims was filed on September 26, 2007. As such, they are properly considered amended claims, which became part of this case pursuant to the Magistrate Judge's Order [DE 67] on January 28, 2009. Before the Court now is ACC's motion to *supplement* claims related to the four new patents.

to this mature case, and the time for discovery is approaching its end. While the new patent claims are classified as "continuations" of the patents already in the case, each patent is by definition "new," and is legally protected separately from any other patent. *See* 35 U.S.C. § 101. ACC concedes that independent analysis is needed to dispose of each patent claim, stating that the new patents have an "enlarged scope" as compared to the pre-existing ones. (Mot. for Filing of Supplemental Pleadings at 7). For the parties to prepare for trial on these new claims would likely require another protracted period of discovery. As Bergstrom has put it, "[t]he progress the parties have made will be seriously impaired, and resolution of this lawsuit will likely be substantially delayed." (Resp. at 10),

Furthermore, allowing ACC to supplement its Complaint with the four new patents would prejudice Bergstrom's defense. This litigation has been pending for three years, and Bergstrom has proceeded based upon a particular trial strategy that would be thwarted by such supplementation. Consequently, to force Bergstrom to defend against twelve additional claims based upon four new patents at this late stage would be unduly prejudicial.

**CONCLUSION**

For the foregoing reasons, the Motion for Filing of Supplemental Pleadings [DE 81] is DENIED. To make the record clear as to the remaining claims between the parties, ACC and Moultanovsky are directed to file on or before March 22, 2010, a Third Amended Complaint consistent with this Opinion and Order. Bergstrom is granted leave to file on or before April 5, 2010, an answer and to reallege its defenses and counterclaims. ACC and Moultanovsky will then have until on or before April 19, 2010, to reply to any such counterclaims. The Court will

view with disfavor any raised defenses or counterclaims that have not already been raised in Bergstrom's previous filings in this cause. The Court will hold a Telephonic Status Conference on May 10, 2010, at 1:00 PM for the purpose of setting a schedule for the filing of dispositive motions.

SO ORDERED on March 2, 2010.

    /s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT